IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARVIN ALEXANDER RIVAS RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:25-cv-603 (AJT-WEF) |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Marvin Alexander Rivas Ramos' Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on March 2, 2026.

Petitioner is a citizen of El Salvador, who entered the United States as a minor without inspection in 2015. *Id.* ¶ 1. He was subsequently placed in the custody of the Office of Refugee Resettlement ("ORR") and then released into the care and custody of his relative in Manassas, Virginia. *Id.* ¶ 17. Petitioner has work authorization that is valid until March 12, 2029. *Id.* ¶ 21. On July 22, 2025, Petitioner was arrested by ICE officers and taken to Farmville Detention Center, where he remains detained. *Id.* ¶¶ 23–25. Petitioner has not been given a bond redetermination hearing. *Id.* ¶ 64.

On March 5, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Sarmiento v. Perry, et al.*, 1:25-cv-01644 (E.D. Va.), or the other opinions of this Court cited therein. [Doc. No. 5]. The Court notes that, unlike the petitioners in *Sarmiento*, Petitioner does not have Special Immigrant Juvenile status, but, as noted above, was released upon ORR's determination that Petitioner was not a "danger to self, danger to the community, and risk of

flight." [Doc. No. 1] ¶ 17; 8 U.S.C. § 1232(c)(2)(A) (requiring the Office of Refugee Resettlement, in making custody determinations, to place an "unaccompanied [noncitizen] child . . . in the least restrictive setting that is in the best interest of the child" taking into account the child's "danger to self, danger to the community, and risk of flight"). For these reasons, it is hereby

**ORDERED** that the Petition be GRANTED and Petitioner be afforded a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order at which Respondents bear the burden of showing "changed circumstances" as to ORR's prior custody determination; and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioners have been granted bond, and, if their request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

March 6, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

2